## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LADONNA G. HOWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-10-42-SPS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

The claimant LaDonna G. Howard requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]"  *Id*. § 423 (d)(2)(A).
Social security regulations implement a five-step sequential process to evaluate a
disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision
to two inquiries: whether the decision was supported by substantial evidence and whether
correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th
Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant
evidence as a reasonable mind might accept as adequate to support a conclusion.'"
*Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.
NLRB*, 305 U.S. 197, 229 (1938).  *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th
Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the
Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,
800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he
substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful
activity.  Step Two requires the claimant to establish that she has a medically severe impairment
(or combination of impairments) that significantly limits her ability to do basic work activities.
If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically
severe, disability benefits are denied.  If she *does* have a medically severe impairment, it is
measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If
the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and
awarded benefits without further inquiry.  Otherwise, the evaluation proceeds to step four, where
the claimant must show that she lacks the residual functional capacity ("RFC") to return to her
past relevant work.  At step five, the burden shifts to the Commissioner to show there is
significant work in the national economy that the claimant *can* perform, given her age,
education, work experience, and RFC.  Disability benefits are denied if the claimant can return to
any of her past relevant work or if her RFC does not preclude alternative work.  *See generally
Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born August 3, 1966, and was forty-two years old at the time of the administrative hearing (Tr. 24, 122).  She completed the seventh grade, took special education classes, and has worked as an assembler, fast food cook, and warehouse worker (Tr. 148, 150).  The claimant alleges she has been unable to work since October 26, 2007, due to a learning disability, hypertension, hepatitis C, depression, back problems, and hip problems (Tr. 143).

## Procedural History

On November 6, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85.  Her applications were denied.  ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated October 2, 2009. The Appeals Council denied review; thus, the ALJ's written opinion constitutes the final decision of the Commissioner for purposes of appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work, limited to avoiding public contact, adapting to simple work situations and dealing with co-workers and supervisors on a superficial basis, and performing only simple work (Tr. 15).  The

ALJ concluded that the claimant was not disabled because she could return to her past relevant work as an assembler (Tr. 19-20).

## Review

The claimant contends that the ALJ erred: (i) by finding that she had the RFC to work as an assembler, (ii) by failing to properly evaluate the medical evidence, and (iii) by failing to properly evaluate her credibility.  In support of her initial contention, the claimant argues that the ALJ failed to conduct a proper step four analysis.  The Court agrees, and the decision of the Commissioner must therefore be reversed.

Step four of the sequential analysis is comprised of three distinct phases.  The ALJ must first establish the claimant's RFC, then determine the physical and mental demands of her past relevant work, and ultimately conclude whether she can meet those demands with her RFC.  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  Specific factual findings must be made in each phase, *id.*, and although the ALJ may rely on information provided by a vocational expert (VE), "the ALJ himself must make the required findings on the record, including *his own evaluation* of the claimant's ability to perform h[er] past relevant work."  *Id.* at 1025 [emphasis added].  *See also Henrie v. U.S. Department of Health and Human Services*, 13 F.3d 359, 361 (10th Cir. 1993) ("We recognize the tension created when the mandate of [Soc. Sec. Rul. 82-62] is transposed on claimant's step four burden of proof.  In this regard, we emphasize that it is not the ALJ's duty to be the claimant's advocate. Rather, the duty is one of inquiry and factual development.") [internal citation omitted].  Although the claimant takes no issue with the ALJ's phase

one determination of her RFC, she does maintain that the ALJ erred at phase two by failing to properly determine the physical and mental demands of her past relevant work.

The Commissioner's basic obligation to "fully investigate the physical and mental demands of a claimant's past work and compare them to current capabilities" has long been recognized in this circuit, *Hayden v. Barnhart*, 374 F.3d 986, 991 (10th Cir. 2004) (per curiam), but this obligation is not intended "to needlessly constrain ALJs by setting up numerous procedural hurdles that block the ultimate goal of determining disability. Rather, its concern is with the development of a record which forms the basis of a decision capable of review," *Westbrook v. Massanari*, 26 Fed. Appx. 897, 903 (10th Cir. 2002).  Remand is therefore appropriate only if the record is "devoid of even any mention of the demands of past relevant work[.]"  *Id.*

In this case, the ALJ asked the claimant at the administrative hearing whether she had previously worked as an assembler, but did not question her about performance of that job (Tr. 24-25).  When the ALJ asked the VE to list the claimant's past work, the VE mentioned her work as an assembler and described it only as "a light, unskilled job" (Tr. 43-44).  The ALJ then asked the VE to identify any past jobs that the claimant could perform with the her limitations, *i. e.*, light work limited to simple tasks, dealing with co-workers and supervisors on a superficial basis, and avoiding public contact (Tr. 44).  The VE responded that the assembler job would match those restrictions (Tr. 44).

In opining that the claimant could perform her past relevant work as an assembler, the VE obviously made *implicit* findings about the physical and mental demands of her past relevant work at that job and about her ability to meet those demands given her RFC.

But the ALJ made no such findings and could not have done so in any event, as he failed to elicit any supporting evidence from either the claimant (about the demands of the assembler job as she performed it) or the VE (about the demands of the job as it is ordinarily performed).  On the contrary, the ALJ simply concluded that the past work of assembler did "not require the performance of work-related activities precluded by the claimant's residual functional capacity."  (Tr. 19-20).  This might have been appropriate as a step five analysis, but it was wholly inadequate to satisfy the burden imposed by the Commissioner's regulations at step four:

> At step five of the sequential analysis, an ALJ may relate the claimant's impairments to a VE and then ask the VE whether, in his opinion, there are any jobs in the national economy that the claimant can perform. This approach, which requires the VE to make his own evaluation of the mental and physical demands of various jobs and of the claimant's ability to meet those demands despite the enumerated limitations, is acceptable at step five because the scope of potential jobs is so broad.
>
> At step four, however, the scope of jobs is limited to those that qualify as the claimant's past relevant work. Therefore, it is feasible at this step for the ALJ to make specific findings about the mental and physical demands of the jobs at issue and to evaluate the claimant's ability to meet those demands. Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review.

*Winfrey,* 92 F.3d at 1025. *See also Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007) ("The ALJ's conclusory statement that '[t]he exertional and non-exertional requirements of this job [as a general clerk] are consistent with the claimant's residual functional capacity' is insufficient under *Winfrey* to discharge his duty to make findings regarding the mental demands of Ms. Frantz's past relevant work.  This case is unlike *Doyal v.*

*Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003), where the ALJ quoted the VE's testimony approvingly in support of his own findings at steps two and three of the analysis. Here, there was no VE testimony, and no evidence of any kind, to establish the mental demands of Ms. Frantz's past relevant work and thus no evidence to support a finding that Ms. Frantz retains the mental RFC to work as a general clerk.").

Because the ALJ failed to conduct a proper step four analysis of the claimant's ability to perform her past relevant work, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should make phase two findings as to the claimant's past relevant work and re-determine whether she can perform that work (or any other work) based on her RFC, and ultimately whether she is disabled.

## Conclusion

The Court hereby finds that correct legal standards were not applied by the ALJ, and the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is therefore REVERSED and the case REMANDED for further proceedings not inconsistent herewith.

**DATED** this 16th day of September, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma